IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO: 4:18-cv-120 |
| | § | |
| $171,644.01 IN UNITED STATES | § | |
| CURRENCY, | § | |
| Defendant. | § | |

# **VERIFIED COMPLAINT FOR FORFEITURE IN REM**

In accordance with Fed. R. Civ. P. Supplemental Rule G(2), the United States of America, Plaintiff, alleges as follows:

Nature of the Action

1. This is an action to forfeit property to the United States pursuant to a violation of 18 U.S.C. §§ 1343, 1956, and 1957.

Defendant in Rem

2. The Defendant Property is $171,644.01 in United States currency (hereinafter, "Defendant Property").

Jurisdiction and Venue

3. The Court has subject matter jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to 28 U.S.C. § 1355(a).

4. The Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

Basis for Forfeiture

6. The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because it is property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343, an offense constituting "specified unlawful activity" as defined by 18 U.S.C. § 1956(c)(7), and 18 U.S.C. § 981(a)(1)(A) because it is property, real or personal, involved in a transaction in violation of 18 U.S.C. §§ 1956 and 1957.

Facts

7. The facts and circumstances supporting the forfeiture of the above-described property are contained in the Affidavit of United States Secret Service Special Agent John Cain, which is attached hereto and incorporated herein by reference.

Potential Claimants

8. Potential claimants to the Defendant Property may include:

   a. Raju Karamchandani – c\o Craig K. Ribbeck, 6363 Woodway, Suite 300, Houston, Texas 77057, and

   b. Intelemedia Communications – 1255 West 15th St., Suite 700, Plano, Texas 75057.

Claim for Relief

9. The United States respectfully requests that the Court forfeit the Defendant Property to the United States, award costs and disbursements in this action to the United States, and order any other relief that the Court deems appropriate.

Respectfully submitted,

ALAN JACKSON
UNITED STATES ATTORNEY

_____/s/_____
Kevin McClendon
Assistant United States Attorney
State Bar No. 13408620
101 East Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
(972) 509-1209 (fax)

Case 4:18-cv-00120 Document 1 Filed 02/22/18 Page 4 of 4 PageID #: 4

## VERIFICATION PURSUANT TO 28 U.S.C. § 1746

I, John Cain, hereby state that:

1. I am a Special Agent with United States Secret Service.

2. I have read this Complaint, and the information contained herein is true and correct to the best of my knowledge.

3. The information contained in this Complaint comes from the official files and records of the United States, statements from other law enforcement officers, and my investigation of this case.

I state and verify under penalty of perjury that the foregoing is true and correct.

*[signature]*

John Cain
Special Agent
United States Secret Service

Dated 2/22/18

COMPLAINT – U.S. v. $171,644.01
Page 4 of 4

## EASTERN DISTRICT OF TEXAS

## AFFIDAVIT IN SUPPORT OF COMPLAINT FOR FORFEITURE

1. I, John Cain, being duly sworn, depose and state that I am a special agent with the United States Secret Service (hereinafter, "USSS") and have been so employed in this capacity since 2002. My duties as a special agent with the USSS include the investigation of possible criminal violations to include Wire Fraud and Money Laundering offenses. I have personally conducted and assisted in numerous investigations of financial crimes and illicit activities that generate income for criminals. Many of these investigations have focused on individuals who derive their income from illegal sources. I have experience in gathering evidence to obtain seizure warrants; and interviewing defendants, witnesses, informants, and others who have personal knowledge of the amassing, spending, converting, transporting, distributing, laundering, and concealing the proceeds derived from illegal activities. I also have experience regarding the forfeiture of assets involved in or traceable to financial crimes. I have personally participated in the investigation described in detail below, and I am familiar with the facts and circumstances through my personal participation, from discussions with other agents and law enforcement officers, and from reviewing records and reports relating to the investigation.

2. The defendant property is $21,634.98 seized from JPMorgan Chase Bank account x7957 (hereinafter, "Chase x7957) and $150,009.03 seized from JPMorgan Chase Bank account x0905 (hereinafter, "Chase x0905) on August 23, 2017, at 1020 NE Loop 410, San Antonio, TX 78209, by the San Antonio Police Department,

1

pursuant to a State of Texas search and seizure warrant. On September 8, 2017, the property was placed into the custody of the United States Secret Service. On September 14, 2017, the Magistrate Court of Bexar County issued a Turnover Order for the property.

3. This property is subject to forfeiture pursuant to Title 18 U.S.C. § 981(a)(1)(A) because it was involved in or facilitated a transaction in violation of Title 18 U.S.C. §§ 1956 (Money Laundering) and 1957 (Money Laundering) predicated on violations of Title 18 U.S.C. § 1343 (Wire Fraud).

## FACTS SUPPORTING FORFEITURE

4. On July 30, 2017, Special Agent John Cain, United States Secret Service (hereinafter, "SA Cain"), obtained information indicating that a victim by the name of Elizabeth Riley has continued to be targeted as part of a Nigerian romance fraud scheme. Riley stated that on March 8, 2017, she was asked by her online love interest to deposit $3,530.00 into a Bank of America account. Riley stated that this individual claimed they needed money to help get out of Nigeria. Riley stated that this individual most recently asked her to deposit $3,000.00 into a JPMorgan Bank account, in the name of Raju Karamchandani. Riley reported that she now realized she was the victim of a fraud scam because a check that was sent to her was counterfeit. Riley stated that the individual, who continues to request funds, is the same person that previously defrauded her.

5. Riley stated that with the current scam, the individual asked her to deposit $3,000.00 into Chase x7957, in the name of Raju Karamchandani. The individual

told Riley that the money was for payment to retrieve the individual's passport from the Nigerian police. On August 2, 2017, SA Cain contacted a fraud investigator at JPMorgan Chase Bank regarding the reported fraudulent activity. On August 7, 2017, SA Cain received financial information confirming the reports of fraudulent activity surrounding Chase x7957 and Chase x0905. Chase Bank confirmed that Raju Karamchandani was the owner of the two above-listed accounts.

6. Upon review of Chase x7957 and Chase x0905, it was revealed that a total of approximately $230,867.94 was transferred back and forth between the accounts from December of 2016 to June of 2017. The records revealed that approximately $93,800.00 from eight separate transactions was withdrawn from Chase x7957 and deposited into Chase x0905 during the above-referenced time period. Further, the records revealed that approximately $137,067.94 from thirteen separate transactions was withdrawn from Chase x0905 and deposited into Chase x7957 during the same above-referenced time period. On August 23, 2017, the bank reported that the combined sum total balance on Chase x7957 and Chase x0905 was approximately $171,644.01.

7. The bank records indicated that suspicious activity occurred from January 1, 2017, and June 6, 2017, in various states including New York, New Jersey, Georgia, Ohio, Colorado and Texas. The records further indicated that multiple transactions were conducted between Karamchandani's two accounts. These transactions were unusual in that they originated from places all across the U.S., and were deposited into a personal bank account. This is typical of bank accounts used for various wire fraud

schemes, in that persons who do not know each other, and who live in various states, would be fraudulently coerced into depositing funds into these accounts, whereupon the funds would be comingled with other victims' money.

8. The bank records also indicated that on March 31, 2017, an individual named Shannon Pettinger deposited $5,000.00 into Chase x7957. An investigation revealed that Pettinger was involved in a business email compromise scam, in which she received funds totaling $49,068.00 from a victim account located in California owned by a company located in Plano, Texas, within the Eastern District of Texas. An individual impersonating the company CEO sent an email to the company requesting a wire transfer of funds to an account. Pettinger then deposited $20,000.00 of the funds into JP Morgan Chase account x7942 in the name of Henry's United, LLC, as well as $5,000.00 into the Chase x7957. The location of the remaining funds has yet to be determined. Shannon Pettinger was arrested in New York and is also suspected in other cases.

9. On August 22, 2017, SA Cain further determined through the Federal Bureau of Investigation's Internet Crime Complaint Center that two victims, Clarissa Castillo and Hazel Estrada, filed complaints regarding a Craigslist fraud scheme. Castillo and Estrada both reported that they replied to Craigslist advertisements for part-time work. Both of the victims received checks from an individual named Thomas Guiterrez, and they deposited the checks into multiple accounts. One of the accounts into which the victims made deposits was Wells Fargo Bank account x9395 (hereinafter, "Wells Fargo x9395"), in the name of Alaba Abiola. This investigation revealed that Abiola is the

registered owner of Triple A Travels Corporation, and transfers were made from Wells Fargo x9395 into Wells Fargo Bank account x7663 (hereinafter "Wells Fargo x7663"), in the name of Triple A Travels.

10. Records showed that Karamchandani deposited approximately $25,000.00 into Chase x7957, from checks written from Wells Fargo x9395 from January 31, 2017, to June 8, 2017. The records for the Wells Fargo x9395 account indicated that the deposits were made in cash. Wells Fargo does not document depositors' information. However, the records reflect deposits that match the deposits both Castillo and Estrada reported.

11. Additionally, Karamchandani deposited approximately $87,000.00 into Chase x7957, from checks written from Wells Fargo x7663. Additional deposits totaling approximately $50,000.00 were made by Abiola and Triple A Travels into Chase x7957, via a PNC Bank account, Capital One Bank account, and MoneyGrams. The balance of Chase x7957 was $21,634.98 and the balance of Chase 0905 was $150,009.03, at the time of seizure. Further investigation has not revealed any employment information regarding Raju Karamchandani.

12. The evidence in this case demonstrates that the above listed accounts, including Chase x7957 and Chase x0905, were used for the purpose of moving, concealing, churning, and commingling large sums of money. The victims confirmed to agents that they had been victims of romance or overpayment schemes, which led them to make multiple deposits into various bank accounts, including Chase x7957 and Chase x0905. The victims in this case were coerced to deposit funds into multiple bank accounts

under false representations at the instruction of the unidentified individuals they met online.

13. Elizabeth Riley was a victim of a romance scam, and had been solicited multiple times to make deposits into Chase accounts, including x7957. Similarly, Clarissa Castillo and Hazel Estrada were victims of a Craigslist scam. Both of the victims made multiple deposits into accounts that appear to be operating in concert with Karamchandani's accounts. Karamchandani then made many withdrawals and deposits back and forth between the accounts in order to comingle and churn together the fraudulently obtained funds.

## CONCLUSION

14. Based on the foregoing facts, there is probable cause to believe that the property seized was involved in or facilitated a transaction in violation of Title 18 U.S.C. §§ 1956 (Money Laundering) and 1957 (Money Laundering) predicated on violations of Title 18 U.S.C. § 1343 (Wire Fraud). Therefore, this property is subject to forfeiture pursuant to Title 18 U.S.C. § 981 (a)(l)(A).

JOHN CAIN
Special Agent
United States Secret Service

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff | § | |
| | § | |
| v. | § | NO: 4:18-cv-120 |
| | § | |
| $171,644.01 IN UNITED STATES, | § | |
| CURRENCY, | § | |
| Defendant. | § | |

## ORDER FOR WARRANT OF ARREST IN REM

TO:   The Clerk of the Court, United States District Court for the Eastern District of Texas

WHEREAS, on February 22, 2018, the United States of America filed a verified complaint for civil forfeiture in the United States District Court for the Eastern District of Texas against the defendant property, alleging that the property is subject to seizure and civil forfeiture to the United States for the reasons alleged in the complaint; and

WHEREAS, the Court, having reviewed the Complaint and the Government's Application for Warrant of Arrest in Rem, finds, the defendant property is currently in the possession, custody, or control of the United States; and

WHEREAS, Supplemental Rule G(3)(b)(i) provides that the clerk must issue a warrant to arrest the property if it is in the government's possession, custody, or control;

YOU ARE, THEREFORE, HEREBY COMMANDED to issue an arrest warrant in rem for the defendant property pursuant to Supplemental Rule G(3)(b)(i); and

YOU ARE FURTHER COMMANDED to deliver the arrest warrant in rem to a

person or organization authorized to execute it who may be a marshal or any other United States officer or employee, someone under contract with the United States, or someone specially appointed by the Court for that purpose, pursuant to Supplemental Rule G(3)(c)(i).

    IT IS SO ORDERED,

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO: 4:18-cv-120 |
| | § | |
| $171,644.01 IN UNITED STATES | § | |
| CURRENCY, | § | |
| Defendant. | § | |

## APPLICATION FOR WARRANT OF ARREST IN REM

The United States of America, by its undersigned counsel, respectfully requests that the Clerk of this Court issue the attached warrant of arrest in rem pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. In support of its application, the United States shows as follows:

1. On February 22, 2018, the United States filed a complaint for civil forfeiture in rem in the above-referenced case seeking forfeiture of the following defendant property:

    a. $150,009.03 in JPMorgan Chase Bank account number x0905; and

    b. $21,634.98 in JPMorgan Chase Bank account number x7957.

 (collectively, defendant property)

    c. The defendant property is in the possession, custody, and control of the United States, to wit: United States Secret Service, which obtained custody on August 23, 2017, after executing a search and seizure warrant.

    d. Supplemental Rule G(3)(b)(i) provides that if property is subject to forfeiture in a civil forfeiture case, and the property is in the Government's possession, custody, or control, the clerk "must issue a warrant to arrest the property."

Accordingly, the United States respectfully requests that the Clerk of the Court issue the attached warrant of arrest in rem.

Respectfully submitted,

ALAN JACKSON
UNITED STATES ATTORNEY

/s/ Kevin McClendon
KEVIN MCCLENDON
Assistant United States Attorney
Texas Bar No. 13408620
101 E. Park Blvd., Suite 500
Plano, Texas 75074
Tel: (972) 509-1201
E-mail: kevin.mcclendon@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO: 4:18-cv-120 |
| | § | |
| $171,644.01 IN UNITED STATES | § | |
| CURRENCY, | § | |
| Defendant. | § | |

## **WARRANT OF ARREST IN REM**

TO:  The United States Secret Service for the Eastern District of Texas and/or any other United States officer or employee, someone under contract with the United States, or someone specially appointed by the court.

On February 22, 2018, the United States filed a verified complaint for civil forfeiture in the United States District Court for the Eastern District of Texas against the following defendant property:

      a.  $150,009.03 in JPMorgan Chase Bank account number x0905; and

      b.  $21,634.98 in JPMorgan Chase Bank account number x7957.

(collectively, defendant property)

alleging that the property is subject to seizure and forfeiture to the United States for the reasons alleged in the complaint.

The defendant property is currently in the possession, custody, or control of the United States.

In these circumstances, Supplemental Rule G(3)(b)(i) directs the Clerk of the Court to issue an arrest warrant in rem for the defendant property.

Supplemental Rule G(3)(c)(i) provides that the warrant of arrest in rem must be delivered to a person or organization authorized to execute it who may be a marshal or any other United States officer or employee, someone under contract with the United States, or someone specially appointed by the court for that purpose.

YOU ARE COMMANDED to do the following:

1. To arrest the defendant property as soon as practicable [see Rule G(3)(c)(ii) for exceptions for serving as soon as practicable] by serving a copy of this warrant on the custodian in whose possession, custody or control the property is presently found, and to use whatever means may be appropriate to protect and maintain it in your custody until further order of this Court.

2. Promptly after execution of this process, to file the same in this Court with your return thereon, identifying the individual(s) upon whom copies were served and the manner employed.

Dated:

DAVID O'TOOLE
Clerk of the Court
United States District Court for the
Eastern District of Texas

By: _____
Deputy Clerk

**Warrant of Arrest in Rem – Page 2 of 2**

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

## DEFENDANTS
$171,644.01 in United States Currency

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Collin
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kevin McClendon, USAO, 101 E. Park Blvd., Suite 500
Plano, Texas 75074 (972) 509-1201

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
(Place an "X" in One Box for Plaintiff and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business In This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business In Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| □ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | □ 610 Agriculture | □ 422 Appeal 28 USC 158 | □ 400 State Reapportionment |
| □ 120 Marine | □ 310 Airplane / □ 362 Personal Injury - Med. Malpractice | □ 620 Other Food & Drug | □ 423 Withdrawal 28 USC 157 | □ 410 Antitrust |
| □ 130 Miller Act | □ 315 Airplane Product Liability / □ 365 Personal Injury - Product Liability | □ 625 Drug Related Seizure of Property 21 USC 881 |  | □ 430 Banks and Banking |
| □ 140 Negotiable Instrument | □ 320 Assault, Libel & Slander / □ 368 Asbestos Personal Injury Product Liability | □ 630 Liquor Laws | **PROPERTY RIGHTS** | □ 450 Commerce |
| □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 330 Federal Employers' Liability | □ 640 R.R. & Truck | □ 820 Copyrights | □ 460 Deportation |
| □ 151 Medicare Act | □ 340 Marine / **PERSONAL PROPERTY** | □ 650 Airline Regs. | □ 830 Patent | □ 470 Racketeer Influenced and Corrupt Organizations |
| □ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | □ 345 Marine Product Liability / □ 370 Other Fraud | □ 660 Occupational Safety/Health | □ 840 Trademark | □ 480 Consumer Credit |
| □ 153 Recovery of Overpayment of Veteran's Benefits | □ 350 Motor Vehicle / □ 371 Truth in Lending | [X] 690 Other |  | □ 490 Cable/Sat TV |
| □ 160 Stockholders' Suits | □ 355 Motor Vehicle Product Liability / □ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | □ 810 Selective Service |
| □ 190 Other Contract | □ 360 Other Personal Injury / □ 385 Property Damage Product Liability | □ 710 Fair Labor Standards Act | □ 861 HIA (1395ff) | □ 850 Securities/Commodities/Exchange |
| □ 195 Contract Product Liability |  | □ 720 Labor/Mgmt. Relations | □ 862 Black Lung (923) | □ 875 Customer Challenge 12 USC 3410 |
| □ 196 Franchise |  | □ 730 Labor/Mgmt.Reporting & Disclosure Act | □ 863 DIWC/DIWW (405(g)) | □ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | □ 740 Railway Labor Act | □ 864 SSID Title XVI | □ 891 Agricultural Acts |
| □ 210 Land Condemnation | □ 441 Voting / □ 510 Motions to Vacate Sentence | □ 790 Other Labor Litigation | □ 865 RSI (405(g)) | □ 892 Economic Stabilization Act |
| □ 220 Foreclosure | □ 442 Employment | □ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | □ 893 Environmental Matters |
| □ 230 Rent Lease & Ejectment | □ 443 Housing/Accommodations / **Habeas Corpus:** |  | □ 870 Taxes (U.S. Plaintiff or Defendant) | □ 894 Energy Allocation Act |
| □ 240 Torts to Land | □ 444 Welfare / □ 530 General |  | □ 871 IRS—Third Party 26 USC 7609 | □ 895 Freedom of Information Act |
| □ 245 Tort Product Liability | □ 445 Amer. w/Disabilities - Employment / □ 535 Death Penalty |  |  | □ 900 Appeal of Fee Determination Under Equal Access to Justice |
| □ 290 All Other Real Property | □ 446 Amer. w/Disabilities - Other / □ 540 Mandamus & Other |  |  | □ 950 Constitutionality of State Statutes |
|  | □ 440 Other Civil Rights / □ 550 Civil Rights |  |  |  |
|  | □ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
This is an in rem civil forfeiture proceeding pursuant to 18 USC 981

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: □ Yes  □ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 02/22/2018

SIGNATURE OF ATTORNEY OF RECORD
/s/ Kevin McClendon

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____